IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:23-CR-00016-JCB-KNM |
| vs. | § § § § | |
| TREVONTE BRECHON MONTGOMERY (1) | § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

On December 1, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Dustin Farahnak. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Receipt of a Firearm While Under Indictment, a Class D felony, Trevonte Brechon Montgomery was sentenced on November 17, 2017, by United States District Judge Robert Junell, Western District of Texas. The offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of IV, was 24 to 30 months. The Court sentenced Defendant to imprisonment for a term of 24 months, followed by a 3-year term of supervised release, subject to the standard conditions of supervised release and special conditions including abstaining from all intoxicants, not residing any place where firearms are possessed or stored, obtaining a GED, drug aftercare, mental health treatment, establishing a child support account with the Texas Attorney General's Office, signing a release for medical records, providing

1

copies of prescriptions within 48 hours of receipt, and not ingesting any medications not prescribed to him.

Defendant completed his term of imprisonment and started his term of supervised release on October 28, 2022. Jurisdiction was transferred to the Eastern District of Texas and the case was re-assigned to United States District Judge J. Campbell Barker on February 2, 2023. On May 30, 2023, the Court modified Defendant's conditions of supervised release to include participation in any combination of psychiatric, psychological, or mental health treatment programs.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on October 28, 2025, United States Probation Officer Laura Palafox alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant shall not commit another federal, state, or local crime during the term of supervision.** It is alleged that Defendant was arrested in Smith County, Texas, on August 2, 2023 for the offense of Possession of Marijuana > 4 ounce <= 5 pounds. On April 19, 2024, Defendant pleaded guilty and was sentenced to 12 months State Jail-TDCJ. It is also alleged that Defendant committed the offense of Assault Public Servant on December 27, 2023 and pleaded guilty on April 19, 2024, receiving a sentence of 2 years in the Texas Department of Criminal Justice.

2. **Allegation 2 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.** It is alleged that Defendant submitted a urine specimen on December 14, 2022 that tested positive for marijuana and lab results confirmed the positive test. It is also alleged that Defendant submitted a urine specimen on June 23, 2023, that tested positive for methamphetamine and marijuana and lab results confirmed the positive test. It is finally alleged that Defendant submitted a urine specimen on August 1, 2023 that tested positive for marijuana and lab results are pending.

3. **Allegation 3 (standard condition 3): The defendant must not knowingly leave the federal judicial district where he is authorized to reside without first getting**

    **permission from the court or the probation officer.** It is alleged that Defendant left the federal judicial district without prior permission from his probation officer on July 30, 2023.

4. **Allegation 4 (standard condition 7): The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so. If the defendant does not have full-time employment he must try to find full-time employment, unless the probation officer excuses him from doing so. If the defendant plans to change where he works or anything about his work (such as his position or his job responsibilities), he must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that Defendant was terminated from his employment on or about May 24, 2023 and he failed to notify the probation officer of his change in employment. It is also alleged that Defendant has not maintained employment since that date.

5. **Allegation 5 (special condition): The defendant shall obtain his GED during the term of supervision.** It is alleged that Defendant failed to obtain his GED or attend GED classes since he began his term of supervised release.

6. **Allegation 6 (special condition): Within 60 days of release, the defendant shall establish an account with the Texas Attorney General's Office for the support of his minor child/children.** It is alleged that Defendant failed to establish an account with the Texas Attorney General's Office for support of his minor child/children within 60 days of release.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class D felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Assault Public Servant, as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline imprisonment range for a Grade A violation is 24 to 30 months, capped by the statutory maximum of 2 years. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine or committing the offense of Possession of Marijuana > 4 ounce <= 5 pounds, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of IV, the guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 12 to 18 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by submitting urine specimens that tested positive for marijuana and methamphetamine, traveling outside the judicial district without permission, failing to notify the probation officer of his change in employment status and failing to maintain employment, failing to obtain a GED, and failing to establish a child support account, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of IV, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 6 to 12 months.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (5th Cir. 2005) (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); *see also United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On December 1, 2025, Defendant appeared for a final revocation hearing. Mr. Hyatt announced that Defendant agreed to enter a plea of true to Allegation 1 of the petition. The parties did not reach an agreement on a recommended sentence. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. The parties then presented argument concerning an appropriate sentence. The Government requested a sentence of imprisonment of 24 months with no further term of supervised release. Defendant requested a downward variance for a sentence of imprisonment for 12 months and 1 day with no further term of supervised release. Defendant additionally requested a designation recommendation to not be housed at FCI Beaumont.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade A supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 24 months, with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 24 months, with no further term of supervised release. Any criminal monetary penalties previously ordered

in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to a facility other than FCI Beaumont.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 24 months, with no further term of supervised release.

So ORDERED and SIGNED this 2nd day of December, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE